UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEO JIMENEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE,<br><br>        Defendant. | Case No.: C 06-3939 PVT<br><br>**ORDER DENYING THE PARTIES' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED WITH DIRECTIONS TO AWARD BENEFITS** |

Presently before the court are the parties' cross-motions for summary judgment.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

Plaintiff complains that at the time of the hearing before the Administrative Law Judge ("ALJ"), the attorney he had hired to represent him, Milton Lathan, had resigned from the bar with disciplinary charges pending. Plaintiff argues that summary judgment and remand is warranted because the ALJ should have either: 1) refused to allow Lathan to appear; 2) conducted a voir dire of Plaintiff to determine whether he knew of the disciplinary proceedings and still wished to have Lathan represent him; or 3) take other steps to protect Plaintiff's interests if she did not learn of the

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

disciplinary proceedings until after the hearing. Plaintiff's argument fails for several reasons.

First, there is no showing that Plaintiff did not know at the time of the hearing that Lathan had resigned from the bar with charges pending. Plaintiff's failure to submit any declaration regarding what he knew about Lathan's status at the time of the hearing warrants an adverse inference that he was fully aware of Lathan's situation. *See, e.g., Town of Clarkstown v. North River Insurance Co*, 815 F. Supp 124, 126 n.5 (SDNY 1993) (failure of party to offer evidence within its control warrants adverse inference).

Second, by using "may" rather than "shall" in the pertinent statute, Congress gave the Commissioner discretion in determining whether or not to disqualify an individual from acting as a representative. *See* 42 U.S.C. § 406. Section 406 provides, in relevant part:

> "the Commissioner, after due notice and opportunity for hearing, (A) *may* refuse to recognize as a representative, and *may* disqualify a representative already recognized, any attorney who has been disbarred or suspended from any court or bar to which he or she was previously admitted to practice or who has been disqualified from participating in or appearing before any Federal program or agency, and (B) *may* refuse to recognize, and *may* disqualify, as a non-attorney representative any attorney who has been disbarred or suspended from any court or bar to which he or she was previously admitted to practice." (Emphasis added.)

"[W]hen a statute uses the permissive 'may' rather than the mandatory 'shall,' 'this choice of language suggests that Congress intends to confer some discretion on the agency, and that courts should accordingly show deference to the agency's determination." *See Transportation Intelligence, Inc. v. FCC*, 336 F.3d 1058 (D.C.Cir. 2003) (citations omitted). By the time the ALJ issued her ruling, she–and thus Defendant–was aware that Lathan was no longer a licensed attorney. Plaintiff has not shown that Defendant knew Lathan resigned from the bar with charges pending, much less that he abused his discretion by failing to disqualify Lathan.[2] Because Plaintiff has not shown it was an abuse of discretion not to disqualify Lathan, it would be improper of this court to base a finding of reversible error on the fact Defendant did not disqualify Lathan. Without a finding that it was error for Defendant to allow Lathan to represent Plaintiff, it is immaterial that the ALJ did not voir dire

---

[2] Due to Lathan's resignation, the bar never made a final determination of actual guilt. Before disqualifying Lathan from acting as a non-attorney representative, the Commissioner would have to make a finding of actual wrongdoing after giving Lathan "due notice and opportunity for hearing." *See* 42 U.S.C. § 406.

Plaintiff regarding Lathan's situation or take other protective steps.

Third, Plaintiff has not shown he was prejudiced by Lathan's change of status from attorney to non-attorney representative. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Plaintiff argues he was prejudiced by Lathan's failure to submit evidence or argument in connection with the hearing before the ALJ. However, Plaintiff is now represented by an attorney in good standing with the bar, and he does not offer any evidence or arguments that Lathan failed to submit to the ALJ which could have made a difference in the outcome.[3] Instead Plaintiff argues that as a result of Lathan's failures he was essentially left with no representation. But Ninth Circuit case law is clear that lack of representation is not grounds for remand unless a plaintiff shows prejudice or unfairness in the hearing. *Ibid.* Because Plaintiff has not made any such showing, even if the court were to find it was error for the ALJ to allow Lathan to represent Plaintiff, any such error was harmless.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is DENIED. The ALJ failed to give clear and convincing reasons to support her finding that "claimant's statements regarding the severity of his medical conditions and his functional limitations are not fully supported by the medical record." *See Robbins v. Social Security Administration*, 466 F.3d 880 (9th Cir. 2006) (absent a finding of malingering, an ALJ may only find an applicant not credible by making specific findings and stating clear and convincing reasons for each). The ALJ's statement that Plaintiff's treating doctor "states only that he lacks the RFC to return to his past work as a laborer" does not accurately characterize Exhibit 5F. In that exhibit, Dr. Bush states that Plaintiff "is completely disabled from the arthritis at this point in time." The reference to Plaintiff's prior work as a laborer was made in the context of expressing doubt that Plaintiff will *ever* recover sufficiently to return to that work. And the ALJ's reliance on the statement in the October 8, 2002 progress note (Tr. 236) to the effect that Plaintiff's dosages of vicodin and prednisone could be lowered, and might be further lowered later, ignores the progress notes from March and April of 2003 (Tr. 264-65)

---

[3] The transcript before the court appears to include all relevant information. Plaintiff has not submitted any medical records that did not make it into the record before the ALJ. Lathan conducted a thorough examination of Plaintiff at the hearing, eliciting extensive testimony about Plaintiff's conditions, limitations and daily activities. Lathan also asked appropriate questions of the vocational expert, eliciting testimony that, for example, if Plaintiff routinely missed 3 days of work a month, he would not be able to do any of the jobs that had been identified.

1  which show his prednisone dosage had *not* been lowered any further and his vicodin dosage was
2  actually increased back up to the pre-October level.  Because of these flaws in the ALJ's reasoning,
3  her credibility finding cannot stand.
4         IT IS FURTHER ORDERED that, no later than October 22, 2008, Defendant shall file a brief
5  showing cause, if any, why this case should not be remanded with directions to award benefits.  *See,*
6  *e.g., Tang v. Apfel*, 205 F.3d 1084 (8th Cir. 2000).  If credited, Plaintiff's testimony appears to show a
7  level of limitations that, according to the vocational expert's testimony, would preclude him from
8  doing any of the jobs that had been identified.
9  Dated: *9/25/08*

10                                    PATRICIA V. TRUMBULL
11                                    United States Magistrate Judge