UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LEO JIMENEZ, | ) | Case No.: C 06-3939 PVT |
|         Plaintiff, | )<br>) | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES** |
| v. | ) | |
| MICHAEL ASTRUE, | )<br>) | |
|         Defendant. | )<br>) | |

On May 14, 2010, Plaintiff filed a motion for award of attorneys fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant opposed the motion in part. Both parties have consented to Magistrate Judge jurisdiction. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED as discussed herein.

The Social Security Administration originally denied Plaintiff's claim for Social Security disability benefits. After his request for reconsideration was also denied, a hearing was held before an Administrative Law Judge ("ALJ") who rendered an unfavorable decision. Plaintiff brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. section 405(g).

Pursuant to the court's Social Security Procedural Order, the parties filed cross-motions for summary judgment. The court denied both motions,[1] and instead issued an order to show cause why

---

[1] In his motion for summary judgment, Plaintiff argued that remand was warranted because at the time of the hearing before the Administrative Law Judge ("ALJ"), the attorney who was representing him had resigned from the bar with disciplinary charges pending. Plaintiff argued that the

ORDER, *page 1*

case should not be remanded with directions to award benefits. In its response to the order to show cause, Defendant noted that there was an issue regarding whether Plaintiff's condition became disabling before the date through which he was insured. The court remanded the matter to the Commissioner solely for a determination on that issue.

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See*, 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating "substantial justification by a preponderance of the evidence." *See, Sierra Club v. Secretary of the Army*, 820 F.2d 513, 517 (1st Cir. 1987). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness...." *See Pierce v. Underwood*, 487 U.S. 552, 566 (1988). "Substantially justified" means:

> "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *See Pierce*, 487 U.S. at 565.

In order to avoid the payment of fees and costs, the government must meet the burden of showing that its position was substantially justified with respect to both the position taken in the civil action and the conduct of the government which gave rise to the suit. *See League of Women Voters v. FCC*, 798 F.2d 1255, 1259 (9th Cir. 1986).

The court concludes that the position of the Commissioner was not substantially justified and that reasonable fees should be awarded under the EAJA. The defects in the ALJs findings upon which this court based its decision to remand were violations of Ninth Circuit case law that pre-dated the hearing before the ALJ. Defendant has not shown that the ALJ's failure to abide by a long-standing Ninth Circuit mandate that ALJs articulate specific, *convincing* reasons for rejecting a claimant's subjective testimony regarding pain and limitations was "substantially justified." Nor has

---

ALJ should have either: 1) refused to allow Lathan to appear; 2) conducted a voir dire of Plaintiff to determine whether he knew of the disciplinary proceedings and still wished to have Lathan represent him; or 3) take other steps to protect Plaintiff's interests if she did not learn of the disciplinary proceedings until after the hearing. The court found these arguments failed, and thus denied Plaintiff's motion for summary judgment.

1  Defendant shown that his defense of this lawsuit was substantially justified.  The fact that Plaintiff
2  made a losing argument in his motion for summary judgment is immaterial to whether *Defendant's*
3  position in this litigation, including in response to the court's order to show cause why the case
4  should not be remanded, was substantially justified.  In responding to the court's order to show
5  cause, Defendant cited a few sporadic items which he contends show the ALJ's credibility
6  determination was "reasonable."  However, Defendant has not shown that the ALJ's credibility
7  determination was "convincing," so as to meet the Ninth Circuit standard.  Taken as a whole,
8  Defendant has not shown that his position was substantially justified.

9  Nor has Defendant shown that "special circumstances make an award unjust."  Defendant
10 concedes there is no evidence of unclean hands in this case.  Instead, Defendant merely repeats his
11 claim that Plaintiff's counsel should not be awarded fees for work on an unsuccessful argument.
12 Finding that such circumstances rendered an award of fees "unjust," where the amount of fees
13 requested is "reasonable," would fly in the face of Supreme Court authority which *allows* recovery of
14 fees for unsuccessful arguments.  *See, Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990)
15 ("absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation,
16 which would justify denying fees for that portion, a fee award presumptively encompasses all aspects
17 of the civil action").

18 Having concluded an EAJA award is proper, the court considers the issue of whether the
19 amount sought is reasonable.  The Commissioner does not challenge the hourly rates proposed by
20 Plaintiff's counsel.  Accordingly, the court finds that the hourly rates proposed by Plaintiff's counsel
21 are reasonable.  The Commissioner does, however, contest the reasonableness of the hours claimed.

22 The court has discretion in determining the amount of a fee award, including "the
23 reasonableness of the hours claimed by the prevailing party."  *See Gates v. Deukmejian*, 987 F.2d
24 1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also*
25 *Commissioner, INS v. Jean*, 496 U.S. AT 161 (1990) (the district court's determination of what fee is
26 reasonable under the EAJA is the same as the standard in *Hensley*).

27 In the present case, Plaintiff's counsel has requested a total of $12,785.79 in attorneys fees
28 and $379.31 in costs.

1    After reviewing the materials submitted in connection with this application, and the file in
2 this case, the court is not persuaded that Plaintiff's counsel's billing is unreasonable, other than 1.5
3 hours of paralegal time requested for essentially clerical work.[2] The amount of time spent overall
4 was not unduly outside the range of hours for which awards have been issued by district courts in
5 Social Security disability benefits cases. *See Patterson v. Apfel*, 99 F.Supp.2d 1212 n. 2 (C.D. Cal.
6 2000). As Defendant himself notes, this was an unusual case. Thus, it is reasonable that it may have
7 taken some additional time to research and brief the unique, albeit unsuccessful, issue regarding the
8 status of Plaintiff's representative and the ALJ hearing. Under all the circumstances of this case, an
9 hour by hour review of the fee request is unwarranted. There is no evidence that Plaintiff's counsel
10 has padded his fee request. Under the EAJA, Plaintiff's counsel is entitled to be compensated for a
11 reasonable number of hours that were actually spent prosecuting the case and the fee award. While
12 the Commissioner may be correct that some of the work *could* have been completed in somewhat
13 less time, it was not unreasonable for Plaintiff's counsel and his paralegal to spend the number of
14 hours they did on this case.

15    "Where a plaintiff has obtained excellent results, his attorney should recover a fully
16 compensatory fee." *See, Hensley*, 461 U.S. at 435. Here, Plaintiff originally sought remand for a
17 new hearing on *all* issues. The result obtained was a remand solely for a determination of whether
18 Plaintiff's condition became disabling before the date through which he was insured. (*See* Order
19 Remanding Case for Determination of Onset Date of Disability, entered herein on March 3, 2010.)
20 Thus, plaintiff obtained an excellent result and his attorney is entitled to recover a fully
21 compensatory fee.

22    Defendant relies on *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999) for the
23 proposition that a court must examine each billing entry even if the total fee billed appears
24 reasonable. However, the case does not stand for that proposition. The Seventh Circuit in that case
25 stated only that an attorney should omit from his fee request hours that are "excessive, redundant, or

---

[2] The court agrees with Defendant that the 1.5 hours of paralegal time billed for preparing a certificate of service and a proof of service (CR 35, at 7, lines 24-26), is clerical work which is not compensable under the EAJA. *See, e.g., Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000); *see also, Smith v. Apfel*, 2000 WL 284260, at *3 (S.D.Ala. 2000) ("Attorneys cannot be compensated for normal overhead expenses").

otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Ibid.* This statement by the court appears to go to the total number of hours sought rather than individual entries. *See also, Commissioner, I.N.S. v. Jean*, 496 U.S. at 161-62 ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA–like other fee-shifting statutes– favors treating a case as an inclusive whole, rather than as atomized line-items"). In any event, reducing an attorneys' fees below a reasonable fee in a case where the plaintiff has obtained excellent results would be contrary to the holding in *Hensley* that a plaintiff's counsel should be fully compensated when the plaintiff obtains excellent results.[3]

Defendant's reliance on *Hardisty* is also misplaced. In *Hardisty* the Ninth Circuit found that the trial court did not abuse its discretion by denying fees for hours spent by a plaintiff's counsel on issues that were not adjudicated. *See Hardisty v. Astrue*, 592 F.3d 1072, 1074-77 (9th Cir. 2010). In the present case, the court adjudicated all issues raised by Plaintiff and thus *Hardisty* is distinguishable. Moreover, pursuant to the Supreme Court, the question is not whether Plaintiff prevailed on a particular issue, but rather, whether the prevailing plaintiff "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." *See, Commissioner, I.N.S. v. Jean*, 496 U.S. at 161 ("absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action").

Accordingly, the court finds it appropriate to grant the request for attorney fees in the net amount of $12,626.79 in attorneys fees and $379.31 in costs (Defendant has not objected to the amount of costs requested.

Dated: *10/19/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] It appears Plaintiff's counsel attempted to keep his fees down by only briefing what he saw as the overriding reason for remanding the case. If the court were to deny him fees simply because that particular argument lost and the court *sua sponte* raised the issue on which Plaintiff prevailed, the unintended consequences might be a disincentive for attorneys to keep fees down in this manner.